IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) Criminal No. 10-224<br>) Civil No. 16-713 |
| DERRICK HOLLIDAY, | )<br>) |
| Defendant | ) |

MEMORANDUM OPINION

CONTI, Chief District Judge.

I. Introduction

Defendant Derrick Holliday ("Holliday") filed a pro se motion pursuant to 28 U.S.C. § 2255 ("§ 2255") (ECF No. 572) and an amended § 2255 motion (ECF No. 580) to retroactively challenge his conviction under 18 U.S.C. § 924(c) and seven-year consecutive sentence in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the residual clause in § 924(e) of the Armed Career Criminal Act is unconstitutionally vague). The motions have been fully briefed (ECF Nos. 573, 603) and are ripe for disposition. The motion and amended motion raise similar issues and seek the same relief. Although not expressly stated in the amended motion, that motion supersedes the original motion and renders it moot. The court considered the legal arguments articulated by defendant in both motions. An evidentiary hearing is not necessary.

II. Factual and Procedural Background

Holliday and six co-defendants were charged in a five-count second superseding indictment filed at Criminal Action No. 10-224. Holliday was charged with: (1) conspiracy to

1

distribute and possess with intent to distribute less than 50 kilograms of marijuana on September 14 and 15, 2010, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute less than 50 kilograms of marijuana on September 15, 2010, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2(a); (3) conspiracy to commit Hobbs Act robbery "by means of actual and threatened force, and violence and by placing [the intended victims] in fear of immediate and future injury to their persons and property," in violation of 18 U.S.C. § 1951(a); (4) Hobbs Act robbery; and (5) knowingly, intentionally and unlawfully using and carrying five firearms (two rifles and three handguns) during and in relation to drug trafficking crimes (as charged in counts one and two of the second superseding indictment) and crimes of violence (as charged in counts three and four of the indictment), in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2(a). On December 14, 2011, the court granted Holliday's motion for preparation of a pre-plea investigation report. On April 2, 2013, Holliday pleaded guilty to counts one, three, and five of the Second Superseding Indictment pursuant to a plea agreement. Holliday acknowledged responsibility for the conduct charged at counts two and four and stipulated that conduct could be considered by the court in imposing a sentence. PSI ¶ 13.

The parties filed position statements about whether a two-level enhancement for carjacking applied pursuant to § 2B3.1(b)(5) of the Sentencing Guidelines. (ECF Nos. 461, 462). On May 7, 2013, the court held an evidentiary hearing and determined that the carjacking enhancement applied. A Presentence Investigation Report ("PSI") was prepared on June 5, 2013 (ECF No. 493, under seal), to which neither party objected. The PSI reflected that the § 924(c) offense in count five was for using and carrying a firearm during and in relation to drug trafficking and violent crimes and possession in furtherance thereof. The parties stipulated that

ten to twenty kilograms of marijuana were attributable to Holliday. The offense conduct described Holliday and his co-defendants' agreement to rob the victims of money, marijuana and merchandise; entry into the location with firearms; and placing a gun in one victim's buttocks and striking another victim in the head with a gun during the course of the robbery. PSI ¶¶ 27-33. The PSI applied the carjacking enhancement. PSI ¶ 48. On July 12, 2013, the court sentenced Holliday to 46 months' imprisonment at counts one and three, to run concurrently, and 84 months' imprisonment at count five, to run consecutively as required by statute.

Holliday did not file a direct appeal. On May 11, 2016, his sentence was reduced pursuant to Amendment 782 to 41 months' imprisonment at counts one and three, to run concurrently, and 84 months' imprisonment at count five, to run consecutively as required by statute, for a total of 125 months. (ECF No. 568). Holliday's § 2255 motion was filed on June 1, 2016.

III. Legal Analysis

Holliday argues that his motion is timely pursuant to 28 U.S.C. § 2255(f)(3), because it was filed within one year of the Supreme Court's decision in *Johnson*. Holliday reasons as follows: (1) under *Johnson*, Hobbs Act conspiracy and Hobbs Act robbery are not "crimes of violence"; and (2) although he admittedly "possessed, used and carried a firearm with the intent and purpose of robbing a drug dealer for drugs," (ECF No. 580), the firearm facilitated only the robbery and not the drug possession. The drugs were simply the result and consequence of the robbery which the firearm facilitated. Thus, he reasons, his § 924(c) conviction and sentence should be vacated.

The government argues that Holliday is not entitled to relief for numerous,

3

complementary reasons. The government contends: (1) Holliday's motion is untimely; (2) Holliday's § 924(c) conviction is valid based on the drug conspiracy predicate conviction, such that the court need not reach the Hobbs Act "crime of violence" predicate convictions; and (3) *Johnson*'s invalidation of the "residual clause" in § 924(e) does not invalidate the different "residual clause" in § 924(c). The government maintains that Holliday's convictions are crimes of violence under the "elements" clause of § 924(c) and do not implicate the "residual clause."

The timeliness and merits of Holliday's motion are intertwined. Holliday's motion was filed well beyond the one-year deadline from his conviction in 28 U.S.C. § 2255(f)(1). The only basis by which Holliday's motion could be timely is if *Johnson* created a new window of time for him to challenge his sentence pursuant to § 2255(f)(3). The record conclusively establishes that *Johnson* does not enable Holliday to challenge his § 924(c) conviction and sentence.

Section 924(c) imposes a mandatory minimum consecutive sentence for "any person who, **during and in relation to** any **crime of violence** <u>or</u> **drug trafficking crime** . . ., uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ." 18 U.S.C. § 924(c)(1)(A) (emphasis added). Sections 924(c)(1)(A)(ii) and (iii) provide more severe penalties if the firearm is "brandished" or "discharged."

The term "drug trafficking crime" is defined in § 924(c)(2) as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." The term "crime of violence is defined in § 924(c)(3). The "elements" clause and "residual clause" in § 924(c)(3) are defined as follows:

> (3) For purposes of this subsection the term 'crime of violence' means an offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Holliday's § 924(c) conviction in this case is valid because he possessed a firearm "during and in relation to" a drug trafficking crime. Holliday pleaded guilty to count one of the second superseding indictment, which charged him with conspiracy to distribute and possess with intent to distribute less than 50 kilograms of marijuana on September 14 and 15, 2010, with a maximum penalty of not more than five years' imprisonment. (See Indictment Memorandum, ECF No. 201). There is no dispute that this crime is a felony and punishable under the Controlled Substances Act. *See* 18 U.S.C. § 3559(a)(5) (classifying an offense with a maximum penalty of less than five years but more than one year as a Class E felony). The § 924(c) offense in count five of the second superseding indictment, to which Holliday also pleaded guilty, specifically charged that he possessed the firearm on September 15, 2010 during and in relation to the "drug trafficking crime" charged in count one.

Holliday argues, creatively, that the firearm enabled him to commit the robbery to obtain the marijuana, but did not facilitate his conspiracy to possess or distribute the marijuana. This argument is not persuasive. Holliday possessed the firearm "during" the marijuana conspiracy, which extended both before and after the actual robbery. *Smith v. United States*, 508 U.S. 223, 237 (1993) (trade of gun for drugs occurred "during" drug conspiracy). In addition, the firearm possession was "in relation to" the drug crime. The phrase "in relation to" is "expansive." *Id*. In *Smith*, the Supreme Court explained that "in relation to" means "that the firearm must have

some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Id*. at 238. The Supreme Court held in *Smith* that trading a firearm for narcotics was "in relation to" a drug offense.

The presence of the firearm and drugs in this case was not accidental or coincidental. Even under Holliday's theory, he possessed the firearm in order to obtain the marijuana. Several courts have upheld § 924(c) convictions in similar cases arising from robberies of stash houses. *See United States v. Whitfield*, 649 F. App'x 192 (3d Cir. 2016); *see also United States v. Vichitvongsa*, 819 F.3d 260 (6th Cir. 2016); *United States v. Holland*, 503 F. App'x 737 (11th Cir. 2013). In summary, Holliday's § 924(c) conviction at count five remains valid because he possessed the firearm during and in relation to the marijuana conspiracy at count one.

The court need not resolve the remaining contentions of the parties.[1] The court specifically does not reach the issue whether Hobbs Act conspiracy and robbery are "crimes of violence."[2] *Johnson* did not impact in any way a § 924(c) conviction based upon a drug trafficking predicate offense, and therefore, *Johnson* does not provide a new window of time for Holliday to pursue a § 2255 motion to challenge his conviction and sentence. *See United States v. Gibson*, No. 3:08-1057, 2016 WL 3552008, at *3 (D.S.C. June 30, 2016), *appeal dismissed*

---

[1] Several other circuits have held that *Johnson* does not invalidate the residual clause in § 924(c)(3)(B). *See United States v. Davis*, No. 16-10330, 2017 WL 436037, at *2 (5th Cir. Jan. 31, 2017); *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016); *United States v. Taylor*, 814 F.3d 340, 375–76 (6th Cir. 2016), *petition for cert. filed*, (Oct. 6, 2016)(No. 16-6392); *United States v. Hill*, 832 F.3d 135 (2d Cir. 2016). The Third Circuit Court of Appeals has not ruled on this issue.

[2] In *United States v. Robinson*, No. 15-1402, 844 F.3d 137 (3d Cir. 2016), and *United States v. Galati,* No. 15-1609, 844 F.3d 152 (3d Cir. 2016), the court of appeals rejected the "categorical approach" and explained that analyzing a § 924(c) predicate offense in a vacuum is unwarranted when the convictions of contemporaneous offenses, read together, show that a firearm was possessed in furtherance of a crime of violence.

No. 16-6992 (4th Cir. Sept. 27, 2016) ("Defendant's challenge to his conviction under § 924(c) fails because the conviction is predicated on a drug trafficking crime, not a crime of violence, and that portion of the statute is unaffected by the *Johnson* ruling. Therefore, Defendant's motion is untimely.").

IV. Conclusion

Under the applicable precedential case law, the court is constrained to conclude that Holliday's amended § 2255 motion (ECF No. 580) must be DENIED.

V. Certificate of Appealability

When a district court issues a final order denying a § 2255 motion, the court must also make a determination about whether a certificate of appealability ("COA") should issue or the clerk of the court of appeals will remand the case to the district court for a prompt determination as to whether a certificate should issue. *See* 3rd Cir. LAR 22.2. When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); 28 U.S.C. § 2253. No such showing has been made in this case and therefore a certificate of appealability will be denied.

An appropriate order will be entered.

By the court:

Date: April 13, 2017        /s/ JOY FLOWERS CONTI
                            Joy Flowers Conti
                            Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) Criminal No. 10-224<br>) Civil No. 16-713 |
| DERRICK HOLLIDAY, | )<br>) |
| Defendant | )<br>) |

ORDER

AND NOW, this 13th day of April, 2017, for the reasons set forth in the accompanying opinion, IT IS HEREBY ORDERED that the motion pursuant to 28 U.S.C. § 2255 ("§ 2255") (ECF No. 572) is DENIED as moot and the amended § 2255 motion (ECF No. 580) is DENIED. A certificate of appealability shall not issue.

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge